IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FIRST-CITIZENS BANK & TRUST
COMPANY, successor in
interest to Temecula Valley
Bank, a North Carolina
banking corporation,

        Plaintiff,

  v.

WHITSELL MANUFACTURING, INC.,
an Oregon corporation; LANE
COUNTY ASSESSMENT AND
TAXATION; JOHN C. BUSS, an
individual; LAKESIDE LUMBER
PRODUCTS, INC., an Arizona
corporation; COMMERCIAL
EQUIPMENT LEASE, an Oregon
corporation; THOMAS C. WHITSELL,
an individual; WALTER F.
WHITSELL, an individual; BONNIE
M. PARMENTER, an individual;
WOOD PRODUCTS TRANSPORT, INC.,
an Oregon corporation; and
WHITSELL INVESTMENTS, LLC, an
Oregon limited liability
company,

        Defendants.

                              O R D E R
                        Civil No. 10-6327-AA

Page 1 - ORDER

AIKEN, Chief Judge:

On October 8, 2010, plaintiff First-Citizens Bank and Trust Company filed this action, based on diversity jurisdiction under 28 U.S.C. § 1332, seeking to foreclose on defendant Whitsell Manufacturing's deed of trust and to collect on personal guarantees given by Whitsell Manufacturing, Inc., Thomas C. Whitsell, Walter F. Whitsell, Bonnie M. Parmenter, Wood Products Transport, Inc., and Whitsell Investments, LLC (collectively "defendants").

Defendants failed to respond to plaintiff's complaint. Accordingly, on March 18, 2011, this Court granted plaintiff's motion for entry of default against defendants. Subsequently, this Court entered a Judgement of Foreclosure and Money Award against defendants, jointly and severally, in the principal amount of $801,153.16.

Plaintiff now moves for an award of attorney fees and costs pursuant to Fed. R. Civ. P. 54 and the specific terms of the parties' promissory note, deed of trust, and commercial guarantees. Plaintiff requests fees in the amount of $17,331.00 and costs in the amount of $1672.83. In accordance with the federal and local rules, plaintiff has submitted a detailed affidavit authenticating the amount of fees and costs requested.

Defendants concede that plaintiff is entitled to attorney fees, but dispute the amount claimed. Because defendants did not file a response to plaintiff's motion, it is unclear which portions of those fees are contested, whether it be the

reasonableness of the time spent or the hourly rates charged. Defendants are silent as to plaintiff's bill of costs, therefore, the Court presumes that defendants do not dispute plaintiff's costs.

As such, the only issue before this Court is the amount of attorney fees to be awarded in this case. Under Oregon law, attorney fee awards are governed by Or. Rev. Stat. § 20.075, which sets forth several factors a court "shall consider" both in determining whether fees should be awarded and the reasonable amount of those fees. See Smith v. Guideone Mutual Ins. Co., 336 Fed.Appx. 607, 609 (9th Cir. 2009) (affirming the application of Or. Rev. Stat. § 20.075 to determine the amount of attorney fees in a diversity case, wherein fees were requested pursuant to Fed. R. Civ. P. 54).

After reviewing plaintiff's submissions regarding its hours and rates, the most recent Oregon State Economic Survey, and the factors outlined in Or. Rev. Stat. § 20.750, this Court finds plaintiff's request to be reasonable. The amount of fees sought are only two percent of the underlying judgment against defendants; and the hourly rate of Mr. Mann, while on the high end of the economic survey, reflects nearly twenty years of litigation experience.

Accordingly, plaintiff's motion for attorney fees and costs (doc. 33) is GRANTED. Therefore, defendants shall pay attorney fees in the amount of $17,331.00 and costs in the amount of $1672.83.

Page 3 - ORDER

IT IS SO ORDERED.
       Dated this 30th of September 2011.

_____
                 Ann Aiken
        United States District Judge